# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSHUA DUNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CV419-311 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Joshua Dunson petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Although petitioner does not disclose it, this is his second § 2254 petition in this Court. *Compare Dunson v. Laughlin*, CV417-087, doc. 1 (S.D. Ga. May 16, 2017) (§ 2254 petition listing the petitioner's prisoner number as 12437469), *with* doc. 1 at 1 (listing same prisoner number). Dunson's original petition was dismissed with prejudice as untimely. *See* CV417-087, doc. 8 (S.D. Ga. June 15, 2017), *adopted* doc. 9 (S.D. Ga. July 27, 2017). Because petitioner has neither sought nor received permission from the Eleventh Circuit to pursue a successive § 2254 petition, this Court lacks jurisdiction to consider it.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).  Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).  Finally, "[a] dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive § 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corrs.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007)).

Because (1) this is Dunson's second § 2254 petition, and (2) he never sought permission from the court of appeals before filing, this Court lacks jurisdiction to consider it.  Accordingly, his petition should be **DISMISSED**.  Further, because it is "indisputably time-barred,"

2

*Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 199), even construing petitioner's application as a motion for § 2244(b)(3)(A) authorization, transfer to the Eleventh Circuit for consideration is unwarranted. 28 U.S.C. § 2244(b)(3)(A) & 28 U.S.C. § 1631.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

---

[1] Petitioner identifies four grounds for relief: (1) that the warrant for his arrest was defective, (2) that the indictment was defective in failing to allege elements of the charge, (3) that the trial court erred in its instructions to the jury, and (4) that his counsel was ineffective for failing to raise those issues at trial or on direct appeal. Doc. 1 at 5-10. Three are substantially identical to the grounds he asserted in his original § 2254 petition. *See* CV417-087, doc. 1 at 5-8 (listing as grounds: (1) arrest warrant was defective, (2) indictment failed to allege elements of the charge, (3) trial court erred in instructing the jury). He lists no new evidence or change in the law that would affect the Court's prior determination that all those claims were untimely in 2017. *See* doc. 1 at 13 (failing to identify any explanation for the timeliness of the petition).

The only event alleged to have occurred between his original petition and this one is a petition for a writ of mandamus, filed in the Superior Court of Effingham County, Georgia on May 24, 2018. Doc. 1 at 4. As the Court's previous Report and Recommendation explained, "'once the one-year clock [for filing a habeas petition] runs out, *it cannot be restarted or reversed merely by filing a new state court of federal action.*'" CV417-087, doc. 8 at 2 (emphasis added) (quoting *Jackson v. McLaughlin*, 2017 WL 1313789, at * 1 (S.D. Ga. Apr. 5, 2017) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). The pendency of his 2018 action, therefore, has no effect on the timeliness of this petition.

3

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 26th day of November, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5